## In re BARNES GEAR CO.

(District Court N. D. New York. July 27, 1918.)

BANKRUPTCY ⬄326—CREDITORS—RIGHT OF SET-OFF.

    Where raw materials were delivered to the bankrupt for machine work, and the owner, after bankruptcy, requested a redelivery and agreed to pay for the work already done, the owner cannot, the property having been redelivered under an order made pursuant to such request, retain the amount due, and, on ascertainment of its damages for nonfulfillment of the original contract, offset such damages against the sum due, but is restricted to proof of such damages as an ordinary creditor.

In Bankruptcy. In the matter of the Barnes Gear Company. Application, on order to show cause, for an order directing the New York Air Brake Company to make a payment to the receiver, etc. Application granted.

---

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Geo. Noyes Burt, of Oswego, N. Y., for receiver.

Fredk. M. Boyer, of Watertown, N. Y., for New York Air Brake Co.

RAY, District Judge. The New York Air Brake Company applied to this court for an order directing the receiver to deliver to it certain raw materials, partially worked, and certain scrap and certain tools, the property of said Air Brake Company, but in the possession of the bankrupt at the time of the bankruptcy, and which came into the possession of the receiver. That application was opposed, as the bankrupt estate had certain rights in such property, and after a hearing on such application this court made an order, dated July 26, 1917, to which reference may be had, and which is hereafter quoted. This order was acceptable to both parties, and the receiver complied with its terms and delivered the property, and under its terms the sum of $4,461.65 is due the receiver, or trustee, unless the New York Air Brake Company can retain the money, and, on ascertainment of its damages for nonfulfillment of the original contract between it and the now bankrupt, offset such damages.

That contract was for the doing of work and labor on such raw materials. In view of all the facts shown on the making of such order, and those now appearing, I do not think this offset can be made, but that the said Air Brake Company should pay over such sum to the receiver or trustee. The New York Air Brake Company can prove up its claim against the bankrupt estate, and have its dividend; but it would be most unjust and inequitable, after the surrender of the property under the order and the acceptance of same by the Air Brake Company, for it to refuse to perform on its part.

The petition of the New York Air Brake Company, presented on the application for the order to turn over the property, and on which the court acted in making the order of July 26, 1917, stated:

"Your petitioner further shows that considerably less than one-fourth in amount of said labor has been performed under said contract, for which labor your petitioner is ready and willing to pay said bankrupt, or its receiver or trustee, at any time upon the order of this court; that it will be impracticable for said Brake Company, your petitioner, to procure this material to be properly inspected and passed upon in accordance with the terms of said contract, but that said inspection can be had immediately upon delivery of said partially completed pieces at its plant at Watertown, N. Y."

The property, aside from tools, had been delivered to the now bankrupt company to be machined, and it had done a large amount of work thereon, and said petition states:

"Your petitioner has received none of its said material under said contract from bankrupt, and roughly estimates that the contract has not been over 20 per cent. performed and that the amount due the bankrupt for work performed to this date would probably not exceed the sum of $5,000, and that your petitioner is ready and willing to pay to bankrupt's estate in accordance with the terms of said contract for all of said labor so performed on said material."

It was on these statements of the petition of the Brake Company that this court made the order directing the receiver to turn over the property. The order provided that:

"If the property referred to in this order is delivered over to and taken possession of by the New York Air Brake Company, it shall have 15 days within which to inspect the same for the purpose of ascertaining the character and quality of the work done thereon by the now bankrupt company, and whether acceptable or not under the terms of the contract existing between said Air Brake Company and the now bankrupt. If any of such work is rejected by the Air Brake Company as not in substantial compliance with the contract, such work or pieces of work shall be segregated, and immediate notice given of such rejection, and the receiver of the now bankrupt shall have 10 days thereafter or 30 days from this date in which to confer with the Air Brake Company or its representatives and adjust any differences or contentions that may exist with reference to the quality, character, and value of such work. Further ordered that all work accepted within the said 20 days is to be paid for within 5 days from the time the amount due for such work has been determined, and all not accepted within said 20 days, but thereafter accepted, in whole or in part, by adjustment or otherwise, shall be paid for within 5 days after the determination of the amount due therefor."

On the argument the question was raised that the first clause of the order in some manner modifies or limits the clauses already quoted. That clause reads:

"It is ordered that said receiver be and he is hereby authorized and directed forthwith to deliver, on demand, to said Air Brake Company, the petitioner, the materials, tools, etc., as shown by the schedules annexed to said petition, and that all other matters arising out of a certain contract, dated April 5, 1917, between the New York Air Brake Company, the petitioner, and said bankrupt, be held and reserved subject to the further order of this court."

Then followed the order and direction as to the property, if delivered and taken, and the payment for the work done thereon by the bankrupt company when the amount was ascertained. Matters arising under said contract, other than the delivery of this property and payment for the work done thereon, were reserved—not the matters disposed of, which included the payment referred to. It seems to me very clear that no question of payment and offsetting damages for nonperformance of the contract was reserved.

I think the fair and the only construction that can be given the order, in view of the petition of the Air Brake Company, is that the compensation for the work done on the raw materials was to be paid over without deduction when the amount was ascertained in the manner provided for in the order. By means of the order the Air Brake Company obtained the property, and it should perform on its part.

There will be an order and direction for such payment, pursuant to the prayer of the petition.

So ordered.