### In re BARNES GEAR CO.

#### (District Court, N. D. New York. July 11, 1919.)

BANKRUPTCY ⬥154—ORDERS—RIGHT OF SET-OFF.

Where an applicant to a court of bankruptcy for an order requiring a receiver to surrender property to him obtains such order conditioned on payment of a sum to the receiver, and no appeal is taken from the order, such applicant becomes a party to the bankruptcy proceeding and is bound by the order, and is not entitled to prove damages for nonperformance by bankrupt of bankrupt's contract with such applicant, and to offset such damages against the sum payable under the order.

In Bankruptcy. In the matter of the Barnes Gear Company, bankrupt. On rehearing. Former opinion (251 Fed. 764) reaffirmed.

This is, in effect, a rehearing of the case which was decided by this court July 27, 1918, and reported in 251 Fed. 764. After the decision in that case and entry of an order pursuant thereto, the New York Air Brake Company applied for a reopening of the case, to the end it might file answering affidavits to certain affidavits actually filed by the receiver after the argument of the case. There was some dispute as to the reservation of that right, but that question is immaterial here, as the court set aside its order when the matter was called to its attention, permitted the filing of answering affidavits, and granted a reargument.

George Noyes Burt, of Oswego, N. Y., for receiver.
Fredk. M. Boyer, of Watertown, N. Y., for New York Air Brake Co.

RAY, District Judge. The salient and controlling facts are stated in my opinion in In re Barnes Gear Co. (D. C.) 251 Fed. 764, and it is not necessary to repeat here.

It is contended by the New York Air Brake Company: (1) That it is not a party to the bankruptcy proceedings; (2) that it should be allowed to prove its damages for nonperformance of the contract by the Barnes Gear Company and offset same against the money which came due the receiver under the order of this court made July 26, 1917, amounting to $4,461.65; and (3) that the receiver or trustee should be relegated to a plenary suit to recover such money.

1. It seems to me clear that, when the New York Air Brake Company came into this court, and filed its petition for an order for the delivery to it of the property then in the possession of the receiver, and obtained the order referred to, which provided for the payment to the receiver of the money referred to when its amount should be ascertained, from which no appeal was taken by either party, it made itself a party to the bankruptcy proceedings.

2. It seems equally clear that having obtained the order, obtained the property from the receiver under its provisions, when the amount due the receiver under its provisions was ascertained, it became the duty of the New York Air Brake Company to pay it over pursuant to such order.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. I see no necessity for or propriety in relegating the receiver to a plenary suit under such circumstances and conditions.

4. It is not a case of mutual accounts and demands.

I adhere to my former opinion and decision, and there will be an order accordingly.